[Crim. No. 717. First Appellate District.—November 27, 1917.]

In the Matter of the Application of C. G. RUST for a Writ of Habeas Corpus.

PHYSICIANS AND SURGEONS—PRACTICE OF OPTOMETRY—OSTEOPATHS EXCLUDED—CONSTRUCTION OF STATUTE.—A person licensed to practice osteopathy is not a duly licensed physician and surgeon within the meaning of section 10 of the act regulating the practice of optometry (Stats. 1913, p. 1097), which declares that the provisions of the act shall not be construed to prevent duly licensed physicians and surgeons from treating or fitting glasses to the human eye, since the act regulating the practice of medicine and surgery (Stats. 1913, p. 722) recognizes a distinction between the two professions, in providing for different examinations and the issuance of different certificates.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for Petitioner.

Oliver Dibble, Louis H. Ward, and John D. Harloe, for Respondent.

THE COURT.—The return of the sheriff to the writ in this case shows that the petitioner is held upon a commitment of the police court of the city and county of San Francisco for violating the law regulating the practice of optometry. In support of his demand that he be discharged from custody the petitioner contends that by virtue of his being the holder of a certificate entitling him to practice osteopathy, he was by the terms of the act itself regulating the practice of optometry excepted from its prohibitory provisions. The exception referred to is contained in section 10 of said act (Stats. 1913, p. 1097), and is in the following language: "The provision of this act shall not be construed to prevent duly licensed physicians and surgeons from treating or fitting glasses to the human eye." The question to be determined, then, is whether an osteopath, licensed under the statute regulating that profession, is within the purview of the optometry law a licensed physician and surgeon.

The act of 1913 regulating the practice of medicine and surgery (Stats. 1913, p. 722) provides for the examination of persons desiring to follow these professions, and for the issuance of two forms of certificate, one designated a "physician and surgeon certificate," and the other a "drugless practitioner certificate." The distinction between these certificates is quite marked, and they are issued as the result of a different examination; and it is very apparent to us that the terms "duly licensed physician and surgeon" as used in the section of the act above quoted has direct reference to the holders of the former class of certificates to the exclusion of the holders of the latter. The cases cited by petitioner from other jurisdictions holding that an osteopath may be said to engage in the practice of medicine and surgery, have in our opinion no application to the facts of this case, where the question is much narrower and is one of statutory construction. Under our statute we are clearly of the opinion that the petitioner is not a "duly licensed physician and surgeon."

It results from this conclusion that the writ should be discharged. It is so ordered, and the petitioner remanded to the custody of the sheriff.